JOHN S. BROOK, ETC., *v.* S. S. NIX.

**Replevin—Pleading—Allegation of Conversion.**

An allegation in a petition that defendant took the property of plaintiff and carried it off and never returned it, is in effect an allegation of conversion.

**Trial—Replevin—Assessment of Damages.**

The court in an action of replevin may assess damages or adjudge the value of the property taken, where a jury has been waived.

APPEAL FROM CALLOWAY CIRCUIT COURT.

December 28, 1872.

OPINION BY JUDGE PETERS:

Appellant's first objection to the judgment is that the court below allowed appellee to recover the value of the property, when he only

sought damages for the taking, without an allegation of a conversion. This position, we apprehend, can not be maintained, for the allegation in the original petition is that he took the property of appellee, carried it off, and never returned it, which is in effect an allegation of conversion, and that is the construction of the language of the petition put on it by appellant Brooks himself in his answer to the second petition of appellee.

The second objection is that as appellee sought the value of the property taken from him there should have been a jury to assess the value; the law does not require that to be done in an action ordinarily; even the 153d section of the Civil Code provides the allegations of value, or amount of damages can not be taken as true without evidence, although the defendant may fail to answer thereto, or to controvert the same; but there must be evidence introduced on the trial, of value or amount of damages sustained.

The court, however, in an action ordinarily may assess the damages or adjudge the value where a jury is waived, proof having been introduced conducing to show value, or the amount of damages sustained, as was done here. These actions were transferred to equity and consolidated on motion of appellant, and it was the province of the chancellor to determine the value of the property from the evidence which appellee sought to recover.

It would have been more regular for the court to have ordered a sale of the horse left by Purdon with appellant if he had shown he still had the horse; but he in his answer admitted the horse to be worth $125, the price with which he was charged in the judgment, and it is not alleged nor proved that Brooks had the horse when the judgment was rendered, and it is not for him to complain that he was charged with the value which he himself fixed, and admitted was a just valuation.

The evidence does not satisfy us that the demands claimed by appellant against Purdon and disallowed were just and that the court below erred in rejecting them; there is no personal judgment against Purdon.

Perceiving no error in the judgment prejudicial to appellants, the same is *affirmed*.

*James, for appellants.*

*W. J. Stubblefield, for appellee.*